UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERRICK V. PRICE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-813** |
| **UNITED STATES OF AMERICA,**<br>**ET AL.,**<br>    **Defendants** | **SECTION: "E"(5)** |

**ORDER AND REASONS**

Before the Court are motions to dismiss filed by (1) the United States of America and the United States Department of Veterans Affairs,[1] and (2) the American Federation of Government Employees, AFL-CIO, Local 3553.[2] The Plaintiff, Merrick Price, opposes the former motion.[3] For the reasons that follow, the motions to dismiss are **GRANTED**.

**BACKGROUND**

This civil action involves federal and state law claims against the United States of America ("United States"), the United States Department of Veterans Affairs ("VA"), and the American Federation of Government Employees, AFL-CIO, Local 3553. The Plaintiff, Merrick Price, is employed by the VA, an agency of the United States, as a Vocational Rehabilitation Specialist.[4] Price is a "member of a minority group."[5] Price alleges, while in the course and scope of his employment with the VA, he was harassed, retaliated against, and subjected to a hostile work environment.[6] More specifically, Price alleges he was "stalked, repeatedly ridiculed for his job performance, falsely accused of sexual

---

[1] R. Doc. 5. The United States Department of Veterans Affairs is erroneously named in Price's Complaint as the "Veterans Administration."
[2] R. Doc. 21.
[3] R. Docs. 11. Price has not filed an opposition to the latter motion.
[4] R. Doc. 1 at 2.
[5] *Id.*
[6] *Id.*

misconduct, . . . denied educational opportunities, [and] had earned income illegally withheld and equipment confiscated from him used to conduct employment duties."[7] Although it is somewhat unclear from the Complaint, Price appears to allege that Alvin Thomas, Price's immediate supervisor at the VA, is responsible for the discriminatory treatment he experienced.[8] Price alleges, for example, that Alvin Thomas acted personally in failing to comply with VA policies, which deprived him of his liberty.[9] Further, Price alleges Alvin Thomas "concocted a scheme to encourage and influence a female patient to file [a] false [] report accusing him of sexual harassment."[10] In sum, Price complains he was discriminated against and subjected to a hostile work environment by Alvin Thomas in retaliation for Price reporting Thomas's conduct to other officials at the VA.[11]

Price alleges he attempted to file a grievance against the VA and Alvin Thomas with his Union, the American Federation of Government Employees, AFL-CIO, Local 3553 ("the Union"), but his attempts to file the grievance were not successful. According to Price, he complained to his Union on multiple occasions about the treatment he experienced, but no corrective action was taken.[12] Price alleges the Union "breached its duty under the collective bargaining agreement to represent and protect his right and interest from disparate and discriminatory employment practices of being placed in a derogatory position amongst his peers."[13]

Price asserts claims against the United States, the VA, and the Union under a variety of federal and state laws. In particular, Price alleges violations of (1) the Fifth

---

[7] *Id.* at 3.
[8] *See id.* at 2–3.
[9] *Id.* at 3.
[10] *Id.* at 4.
[11] *Id.* at 5.
[12] *Id.* at 3, 5.
[13] *Id.* at 4.

Amendment to the United States Constitution; (2) the Federal Tort Claims Act, 28 U.S.C. § 1346(b); (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); (4) 29 U.S.C. § 185, for breach of a collective bargaining agreement; and (5) Louisiana Civil Code articles 1906, 2315, and 3499, for intentional infliction of emotional distress, defamation, and invasion of privacy.[14]

The Court now considers the Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction filed by (1) the United States and the United States Department of Veterans Affairs, and (2) the Union.[15]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[16] A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction.[17] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[18] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[19] The Court is permitted to make factual findings when considering a Rule 12(b)(1) motion to dismiss.[20] "It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction."[21]

---

[14] *Id.* at 1.
[15] R. Docs. 5, 21.
[16] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[17] *See* FED. R. CIV. P. 12(b)(1).
[18] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[19] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[20] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).
[21] *Id.*

**LAW AND ANALYSIS**

I.    <u>The United States and the VA</u>

The United States and the VA argue Price's claims should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[22]

    a.  *The Fifth Amendment to the United States Constitution*

Price asserts causes of action against the United States and the VA under the Fifth Amendment to the United States Constitution.[23] The Fifth Amendment in-and-of-itself, however, provides no independent cause of action.[24] Instead, Section 1983 is generally the appropriate vehicle to enforce rights guaranteed by the Constitution.[25] Section 1983, however, only "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of *state law*."[26] Section 1983 does not provide a cause of action against the federal government or individuals acting under the color of federal law.[27] The Supreme Court's decision in *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics* is the federal counterpart to Section 1983, as *Bivens* extends the protections afforded by Section 1983 to parties injured by federal actors, who are not otherwise liable under Section 1983.[28] The Court notes, however, that "*Bivens* authorizes

---

[22] *See* R. Doc. 5-1 at 3–4.
[23] *See* R. Doc. 1 at 1.
[24] *Berger v. City of New Orleans*, 273 F.3d 1095 (5th Cir. 2001) (citing *Hearth, Inc. v. Dep't of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980)). *See also Garrett v. City of Houston, Tex.*, 102 F. App'x 863, 864 (5th Cir. 2004).
[25] *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (noting Section 1983 provides a mechanism for enforcing individual rights ensured by federal statutes and the United States Constitution).
[26] *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012) (citing 42 U.S.C. § 1983) (emphasis added).
[27] *See, e.g., Abate v. S. Pacific Transp. Co.*, 993 F.2d 107, 110–11 (5th Cir. 1993); *Davis v. Negi*, No. 10-800, 2012 WL 1015248, at *1 (W.D. La. Mar. 23, 2012) ("Section 1983 has been uniformly construed as applying only to state and not federal agents or actors . . . .").
[28] *Abate*, 993 F.2d at 110–11. *See also Solesbee v. Nation*, No. 3:06-CV-0333-D, 2008 WL 244343, at *7 (N.D. Tex. Jan. 29, 2008) (internal quotation marks omitted) (citations omitted) ("*Bivens*, of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors."); *see also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

suits only against individual federal officers, not against the United States."[29] Congress has not waived the sovereign immunity of the United States or its agencies with respect to constitutional violations.[30] Thus, the United States, the agencies of the United States, and federal officers or employees acting in their official capacities are immune from suit for federal constitutional violations under the doctrine of sovereign immunity.[31]

In this case, Price has not asserted causes of action against any federal officers or employees in their individual capacities. Price instead asserts causes of action against the United States and the VA.[32] The United States and the VA are immune from Price's Fifth Amendment claims under the doctrine of sovereign immunity. These claims must be dismissed with prejudice.

    b. *Title VII of the Civil Rights Act of 1964*

In this case, Price asserts claims against the United States and the VA under Title VII of the Civil Rights Act of 1964.

Title VII prohibits employers, both public and private, from discriminating against their employees and prospective employees on the basis of race, color, religion, sex, and

---

[29] *Wheeler v. Ceniza*, No. 3:12-CV-1898-L 2013 WL 1091242, at *5 (N.D. Tex. Mar. 15, 2013) (citing *Williamson v. United States Dep't of Agriculture*, 815 F.2d 368, 380 (1987) (noting *Bivens* action only applies against federal officers "in their individual capacities . . . . [while t]he United States and its officers in pursuit of their official duties remain protected by sovereign immunity")). "A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. An extension of a *Bivens* action to federal agencies of the Federal Government is not supported by the logic of *Bivens*." *Brown v. Federal Bureau of Investigation*, No. 5:11CV63-DCB-RHW, 2012 WL 1038809, at *1 (S.D. Miss. Feb. 1, 2012) (citations omitted).
[30] *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 309 (5th Cir. 1985) ("The Constitution does not waive the Government's sovereign immunity in a suit for damages. . . . Suits for damages against the United States based on the Constitution are not contemplated by *Bivens* and its progeny."). *See also Wheeler*, 2013 WL 1091242, at *5 (citing *Interfirst*) ("[T]he United States has not waived its sovereign immunity for constitutional torts . . . .").
[31] "A long line of cases holds that constitutional claims for damages may not be brought against the federal government itself, but may proceed only against government officials on a *Bivens* theory." James E. Pfander, David Baltmanis, *Rethinking Bivens: Legitimacy and Constitutional Adjudication*, 98 GEO. L.J. 117, 135 (2009) (citing cases).
[32] *See generally* R. Doc. 1.

national origin.[33] "Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')."[34] Title VII also bars employers from retaliating against employees and prospective employees or subjecting them to a hostile work environment for engaging in a protected activity.[35] Title VII authorizes private causes of action for discrimination, retaliation, and a hostile work environment.

Prior to filing a Title VII claim in federal court, a plaintiff must exhaust his or her administrative remedies.[36] "Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."[37] Price has not alleged any facts in his Complaint that he timely filed a charge with the EEOC and, having done so, received a statutory notice of his right to sue from the EEOC. Although Price attaches several documents to his opposition to the motion to dismiss, none of those documents establishes that Price exhausted his administrative remedies with the EEOC.[38] The United States and the VA have, however, offered evidence showing that Price did not exhaust his administrative remedies. Attached to the United States' and the VA's motion to dismiss is a declaration executed by Brandi Powell, a VA staff attorney.[39] The Court considers Powell's declaration in evaluating the motion to dismiss because it is relevant to the

---

[33] *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).
[34] *Id.*
[35] 42 U.S.C. § 2000e. *See also Bartz v. Mitchell Ctr.*, No. A-05-CA-959 LY, 2008 WL 577388, at *2 (W.D. Tex. Jan. 23, 2008).
[36] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citing *Dao v. Auchan v. Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)).
[37] *Id. See also Banks v. Hazlehurst City Sch.*, No. 3:15cv355-DPJ-FKB, 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016).
[38] R. Doc. 11-2.
[39] R. Doc. 5-2 (Declaration of Brandi Powell).

question of jurisdiction.[40] In the declaration, Powell states: "A review of the Veterans Affairs EEO records reveals no administrative EEO claim filed by the plaintiff Merrick Price."[41] The Court finds Price did not file a charge with the EEOC prior to filing suit, nor did Price receive a statutory notice of right to sue. As a result, Price did not exhaust his administrative remedies prior to filing his Title VII claims against the United States and the VA. Price's claims under Title VII must be dismissed without prejudice.

    c. *Civil Service Reform Act*

Price asserts claims against the United States and the VA under the Federal Tort Claims Act (FTCA). As a general rule, however, "[i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant" in an FTCA suit.[42] Thus, Price does not have a valid FTCA claim against the VA.

Price is a federal employee of the VA. The Civil Service Reform Act (CSRA) provides the exclusive remedy for claims against federal employers, thereby precluding federal employees from filing suit in federal court on causes of action relating to employment disputes covered by the statute.[43] The CSRA provides "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient

---

[40] *Green v. Forney Eng'g Co.*, 589 F.2d 243, 246 (5th Cir. 1979) ("[A] district court may consider outside matters which are attached to a motion to dismiss without first converting it to a motion for summary judgment 'if the material is pertinent to the question of the District Court's jurisdiction since it is always the obligation of a federal court to determine if it has jurisdiction.'") (citation omitted). *See also Maria v. United States*, No. 09-7669, 2010 WL 2009968, at *3 n.2 (E.D. La. May 17, 2010).
[41] R. Doc. 5-2 at 1 (Declaration of Brandi Powell).
[42] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1998). *See also Talavera v. United States*, No. 4:14-CV-03329, 2016 WL 4398678, at *4 (S.D. Tex. Aug. 17, 2016); *Valentine v. Veterans Affairs*, No. 3:16-cv-1221-D-BN, 2016 WL 4257444, at *2 (N.D. Tex. July 13, 2016) ("[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction."); *Schexnayder v. St. Charles Parish*, Nos. 12-416, 12-542, 2012 WL 1357784, at *2 (E.D. La. Apr. 19, 2012); *Michalik v. Hermann*, No. Civ.A. 99-3496, 2001 WL 434489, at *1 (E.D. La. Apr. 26, 2001);
[43] *Grisham v. United States*, 103 F.3d 24, 26 (5th Cir. 1997) (per curiam). *See also Rollins v. Marsh*, 937 F.2d 134, 137–40 (5th Cir. 1991).

administration."[44] "[T]he CSRA remedies [are] the comprehensive and exclusive procedures for settling work-related controversies between federal civil-service employees and the federal government."[45]

The portion of the CSRA most relevant to this case, Chapter 23, prohibits certain personnel practices and establishes "merit-system principles" that govern civil service employment.[46] "The merit-system principles include treating employees fairly and equitably and 'with proper regard for their privacy and constitutional rights.'"[47] Prohibited personnel practices include the taking of any "personnel action" that violates merit-system principles.[48] The CSRA also provides federal employees with remedies against prohibited personnel practices, "remedies that include staying or correcting the practice and seeking disciplinary action against the offenders."[49] Under the CSRA, a federal employee may pursue relief along two procedural paths: The employee may either (1) bring a mixed complaint before the EEOC or (2) bring a mixed appeal before the Merit Systems Protection Board (MPSB).[50] These remedies must be exhausted before a federal court may have jurisdiction.[51]

In *Rollins v. Marsh*, the Fifth Circuit considered whether two federal employees' claims under the Federal Tort Claims Act were preempted by the statutory remedies set forth in the CSRA.[52] Recognizing that "the CSRA remedies [are] the comprehensive and

---

[44] *Rollins*, 937 F.2d at 137.
[45] *Id.* at 139.
[46] 5 U.S.C. §§ 2301–2302.
[47] *Rollins*, 937 F.2d at 137 (quoting 5 U.S.C. § 2301(b)(2) and citing *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991)).
[48] *Id.* Personnel actions under the CSRA include significant changes in working conditions. 5 U.S.C. § 2302(a)(2)(A)(xii).
[49] *Rollins*, 937 F.2d at 137.
[50] *Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010).
[51] *Id.*
[52] *Rollins*, 937 F.2d at 134.

8

exclusive procedures for settling work-related controversies between federal civil-service employees and the federal government," the Fifth Circuit affirmed the district court's dismissal of the plaintiffs' FTCA claims, concluding that the remedies available under the CSRA precluded recovery under the FTCA in federal court.[53] The Fifth Circuit concluded, "To permit FTCA claims to supplant the CSRA's remedial scheme certainly would defeat" the purpose of the CSRA, and thus, "[t]he remedies available to the [plaintiffs] under the CSRA preclude recovery under the FTCA."[54]

In this case, Price did not exhaust the administrative remedies available under the CSRA. Thus, Price's FTCA claim against the United States cannot be brought in federal court at this time.[55] Price's FTCA claim against the United States must be dismissed without prejudice.

    d. *29 U.S.C. § 185; Section 301 of the Labor Management Relations Act*

Price asserts claims against the United States and the VA under 29 U.S.C. § 185 for breach of the collective bargaining agreement between the federal government and the Union. Section 301 of the Labor Management Relations Act is codified at 29 U.S.C. § 185 and has been recognized by the Supreme Court of the United States as a "potent source of federal labor law."[56] As noted above, however, Price is a federal employee. The Court thus must consider the impact of the Civil Service Reform Act (CSRA) on its jurisdiction.

Section 301 of the Labor Management Relations Act has "no equivalent" under the CSRA.[57] That is, there is no provision in the CSRA for suing a federal agency in federal

---

[53] *Id.* at 139–40.
[54] *Id.*
[55] *See Tubesing v. United States*, 810 F.3d 330, 334 (5th Cir. 2016); *see also* 5 U.S.C. § 2302(a), (b).
[56] *United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368 (1990).
[57] *Karahalios v. Nat'l Federation of Federal Emp., Local 1263*, 489 U.S. 527, 536 (1989).

court for violations of Section 301 of the Labor Management Relations Act.[58] Title VII of the CSRA, referred to as the Federal Service Labor-Management Relations Statute,[59] covers claims brought by federal employees against unions and the federal government. Title VII of the CSRA established the Federal Labor Relations Authority to govern the labor relations of federal employees and the federal government. Under the CSRA, a federal employee's claims against the federal government and his or her union that are related to a collective bargaining agreement must be filed with the Federal Labor Relations Authority.[60]

In this case, Price brings claims against the United States and the VA for breach of the collective bargaining agreement between the federal government and the Union. These claims must be litigated before the Federal Labor Relations Authority, not this Court. As a result, Price's claims under 29 U.S.C. § 185 for breach of a collective bargaining agreement must be dismissed for lack of subject matter jurisdiction.

    e.  *Other Claims*

As discussed above, Price's FTCA claims and 29 U.S.C. § 185 claims, to the extent they are preempted by the CSRA, are dismissed without prejudice for failure to exhaust administrative remedies. It is unclear from the Complaint, however, whether Price is also bringing claims under the FTCA and 29 U.S.C. § 185 that he believes are not preempted by the CSRA. Accordingly, Price is hereby granted leave to amend his Complaint to assert his claims, if any, that are not preempted by the CSRA and thus may be pursued in federal court. Price must, however, support his claims against the United States and the VA with

---

[58] *Id.*
[59] 5 U.S.C. § 7101, *et seq.*
[60] *See, e.g., Karahalios*, 489 U.S. at 536.

factual allegations sufficient to show the claims are not preempted and he is entitled to relief thereunder.

II.  The American Federation of Government Employees, AFL-CIO, Local 3553

The American Federation of Government Employees, AFL-CIO, Local 3553 ("the Union") argues Price's claims should be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.[61]

Price's claims against the Union are for breach of the duty of fair representation, which is implied under Section 301 of the Labor Management Relations Act.[62] As discussed above with respect to the United States and the VA, a federal employee's claim against his or her union is governed by the Civil Service Reform Act and must be filed with the Federal Labor Relations Authority before it may be litigated in federal court.[63] In this case, Price did not file his claim against the Union with the Federal Labor Relations Authority, and thus he did not exhaust his remedies under the CSRA. Price's claim against the Union for breach of the duty of fair representation must be dismissed without prejudice.

Whether Price intended to bring claims against the Union not covered by the CSRA is unclear. Price is hereby granted leave to amend his complaint to assert any additional claims, if any exist, against the Union that are not preempted. Price must, however,

---

[61] *See* R. Doc. 21. Price refers to this defendant as the "American Federation of Government Employees, AFL-CIO, Local 3553." However, in the motion to dismiss filed on behalf of this defendant, it is argued that the American Federation of Government Employees, AFL-CIO, and the American Federation of Government Employees, Local 3553, are in fact two separate entities. See R. Doc. 21-1 at 1, n.1. For purposes of this Order & Reasons, the Court refers to the Union defendants as one and the same, as the distinction between them bears no significance to the Court's decision.
[62] *Bache v. Am. Tel. & Tel.*, 840 F.2d 283, 287 (5th Cir. 1988) (citations omitted).
[63] *See, e.g., Karahalios*, 489 U.S. at 536.

support his claims against the Union with factual allegations sufficient to show the claims are not preempted and he is entitled to relief thereunder.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss filed by the United States and the United States Department of Veterans Affairs is **GRANTED**.[64] Price's Fifth Amendment claim is **DISMISSED WITH PREJUDICE**. Price's claims under Title VII of the Civil Rights Act of 1964, the Federal Tort Claims Act, and 29 U.S.C. § 185 are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the American Federation of Government Employees, AFL-CIO, Local 3553 is **GRANTED**.[65] Price's claims against the American Federation of Government Employees, AFL-CIO, Local 3553 are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff, Merrick Price, is **GRANTED** leave to amend his complaint, in accordance with this ruling, no later than **Friday, September 23, 2016**, at **5:00 p.m.**

**New Orleans, Louisiana, this 2nd day of September, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[64] R. Doc. 5.
[65] R. Doc. 21.